977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Wallace MOORE, Defendant-Appellant.
 No. 91-5715.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: October 8, 1992
Decided: October 22, 1992
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore.
 Mark L. Gitomer, Cardin & Gitomer, P.A., Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Geoffrey R. Garinther, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 D.Md.
 AFFIRMED.
 Before SPROUSE, WILKINSON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Wallace Moore pled guilty to bank fraud, 18 U.S.C.A.s 1344 (West Supp. 1992). He appeals the sentence imposed on the ground that his offense level was improperly increased pursuant to guideline section 4B1.3.* We affirm.
 
 
 2
 Under section 4B1.3, the offense level of a defendant whose offense was committed as part of a pattern of criminal conduct engaged in as a livelihood should be no less than thirteen, but may be reduced for acceptance of responsibility. A pattern of criminal conduct means planned criminal acts which occurred over a substantial period of time. U.S.S.G. § 4B1.3, comment. (n.1). For the sentencing court to find that the defendant engaged in criminal conduct as a livelihood, there must be evidence showing that in any twelve-month period he derived income from criminal conduct which exceeded 2000 times the existing minimum wage ($6700 during the year preceding Moore's conviction on this offense); the totality of the circumstances must also show that criminal conduct was the defendant's primary occupation during the twelve-month period. U.S.S.G. § 4B1.3, comment. (n.2).
 
 
 3
 In his plea agreement, Moore stipulated that he presented false identification which enabled him to withdraw $17,500 from a bank account not his own, and that this was part of a scheme he engaged in with two co-defendants in which it was foreseeable to him that the total loss to the bank would be $70,000-120,000. Before his sentencing, Moore told the probation officer that he had been a heroin addict since the 1950's and had used it continuously since then, except for periods of confinement, that his habit often cost him $80-100 a day, and that he obtained the money by forging checks or other criminal activity. Because of his drug habit, Moore had only brief periods of legitimate employment. On this information, the probation officer recommended that Moore's adjusted offense level be increased from ten to eleven under guideline section 4B1.3.
 
 
 4
 The government informed the district court at the sentencing hearing that it had no information about how the conspirators divided the money obtained through the scheme and could not show that Moore had obtained over $6700 through criminal activity in the preceding twelve-month period. However, the district court found that an increase under section 4B1.3 was justified because Moore admitted to maintaining an expensive drug habit over many years without having any legitimate means of support. Whether he engaged in criminal conduct to support himself, making it his primary occupation during any given year, and made more than 2000 times the going minimum wage during that year, was a factual question. Because the information supplied by Moore himself supported the district court's finding, we cannot say that it was clearly erroneous.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1991)